UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN A. ULMAN,

       Plaintiff,

Case No. 1:10-CV-789

v.

HON. ROBERT HOLMES BELL

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

On September 8, 2011, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Plaintiff Lynn A. Ulman's motion to remand this case to the Commissioner under sentence six of 42 U.S.C. § 405(g) be denied, and that the Commissioner's decision be affirmed. (Dkt. No. 14.)  This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. No. 15).

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff presents five numbered "objections" to the Magistrate Judge's R&R. However, objection one simply complains that the Magistrate Judge "tak[es] the Defendant's side on each and every point of the argument on appeal." Plaintiff also levies a general and unsupported accusation of bias which appears completely unfounded, as all of the Magistrate Judge's recommendations were clearly based on and supported by the record. Plaintiff's second objection is a conclusory statement that Plaintiff "was insured for disability insurance benefits at the time she became disabled," which is the ultimate issue on appeal. Plaintiff's fourth objection is an observation that federal courts are not "rubber stamps," and is in no way responsive to the Magistrate Judge's R&R. Plaintiff's fifth objection merely reiterates Plaintiff's conclusion concerning the ALJ's credibility determination, this time coupled with an insinuation that the Court will fail in its judicial duty unless it necessarily rules in favor of Plaintiff. None of these are valid objections to the R&R.

The only specific, responsive objection to the Magistrate Judge's R&R is found in Plaintiff's third numbered paragraph, which argues that the Magistrate Judge incorrectly found that a factual error by the ALJ was harmless. Plaintiff points to legal authority holding that courts may not declare an error harmless based on speculation about what an agency would have done with correct information or understanding. Plaintiff's argument would be persuasive if the ALJ had based his credibility finding solely or primarily on the factual error identified by Plaintiff. However, as the Magistrate Judge details in the R&R, the ALJ analyzed at length other, objective evidence in support of his credibility determination. (Dkt.

No. 14 at 11-12.)  Because the ALJ's findings were amply supported by other evidence, the factual error identified by Plaintiff can be properly seen as harmless.   Accordingly,

**IT IS HEREBY ORDERED** that the September 8, 2011, R&R (Dkt. No. 14) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 15) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand the case to the Commissioner under sentence six of 42 U.S.C. § 405(g) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.


Dated:  September 23, 2011                    /s/ Robert Holmes Bell
                                                                    ROBERT HOLMES BELL
                                                                    UNITED STATES DISTRICT JUDGE